UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL M.[1]<br><br>    Plaintiff<br><br>    v.<br><br>ANDREW M. SAUL,[2] Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:18-cv-10083-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff April M. ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 21 ("Pltf.'s Br."), and Dkt. 25 ("Def.'s Br.").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for

---

[1]     In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2]     Andrew M. Saul, the Commissioner of Social Security, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On February 22, 2015, Plaintiff filed an application for DIB. [Dkt. 15, Administrative Record ("AR") 147-153.] The Commissioner denied her initial claim for benefits on August 20, 2015. [AR 81-85.] On April 11, 2018, a hearing was held before Administrative Law Judge ("ALJ") John Kays. [AR 30-50.] On April 25, 2018, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 12-29.] Plaintiff requested review from the Appeals Council, which denied review on April 25, 2018. [AR 1-6.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 1, 2014, the alleged onset date, through December 31, 2018, the date last insured. [AR 17.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: disorder of the cervical spine, morbid obesity, bipolar disorder, and anxiety disorder. [*Id.* (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 18 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1.] The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b), specifically, lifting 20 pounds occasionally, 10 pounds frequently; standing and walking for 6; sitting for 6; pushing and pulling is unlimited except for lift and carry; ramps and stairs are without limitation; only occasional ladders, ropes, and scaffolds; postural are without limitation, except for only occasional crawling; occasional overhead lifting bilaterally; no visual, communicative, or environmental limitations; all other reaching is without limitation; simple repetitive tasks; simple 2-step instructions; focus and concentration up to 2 to 4 hours at a time; interaction with supervisors and coworkers is

>without limitation; minimum public contact; no more than
>ordinary stresses and changes.

[AR 20.] Applying this RFC, the ALJ found that Plaintiff is unable to perform her past relevant work. However, based on Plaintiff's age (nearly 40 years old), education, and ability to communicate effectively in English, she could perform representative occupations such as inspector hand packager (DOT 599.687-074), assembler of electrical accessories (DOT 729.687-010), and assembler of plastic hospital products (DOT 712.687-010) and, thus, is not disabled. [AR 24.]

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.  DISCUSSION

#### A.  Plaintiff's Ability to Perform Other Work

Plaintiff contends the ALJ erred at step five of the sequential evaluation because her RFC limitation to performing simple, repetitive tasks of no more than two-step instructions precludes her from performing the other work identified by the vocational expert ("VE"), including work as an inspector hand packager, assembler of electrical accessories, and assembler of plastic hospital products. [Pltf.'s Br. at 11-12.] Plaintiff asserts that the descriptions for these jobs in the Dictionary of Occupational Titles ("DOT") require her to perform at a higher reasoning level, (Level 2), than is permitted by her RFC.

The DOT separates reasoning levels into six categories. Reasoning Levels 1

and 2 are defined as follows:

> Level 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

*See* DOT, App. C. The VE testified that a hypothetical person with limitations similar to Plaintiff's RFC, including a limitation to performance of "simple, repetitive tasks, and simple, two-step instructions," could perform the jobs of inspector hand packager (DOT 559.687-074, light, Specific Vocational Preparation ("SVP") 2), assembler of electrical accessories (DOT 729.687-010, light, SVP 2), and assembler of plastic hospital products (DOT 712.687-010, light, SVP 2).[3] These three jobs have a "GED Reasoning Level" of 2, which as seen above, requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," *see id*. app. C § III. By contrast, the two-step instruction limitation appears to accord with GED Reasoning Level 1, the lowest level, which requires the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." *See id.*; *see also Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015) (finding "an apparent conflict between [claimant's] RFC, which limit[ed] her to performing one- and two-step tasks, and the demands of Level Two reasoning"; noting "[o]nly tasks with more than one or two steps would require 'detailed' instructions").

As Plaintiff notes, the conflict noted above closely resembles *Rounds* where the Ninth Circuit determined that Reasoning Level 2 conflicts with a limitation to

---

[3] At the hearing, the VE testified that he believed that his opinion was consistent with the DOT. [AR 48-49.]

4

"one and two step tasks." *Rounds*, 807 F.3d at 1003. In *Rounds*, the jobs identified by the vocational expert all required Reasoning Level 2 on the GED scale, and the plaintiff argued her limitation to "one to two-step tasks" matched Level 1. *Id*. The Ninth Circuit agreed, explaining:

> There was an apparent conflict between Rounds' RFC, which limits her to performing one- and two-step tasks, and the demands of Level Two reasoning, which requires a person to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." The conflict between Rounds' RFC and Level Two reasoning is brought into relief by the close similarity between Rounds' RFC and Level One reasoning. Level One reasoning requires a person to apply "commonsense understanding to carry out simple one- or two-step instructions."

*Id*., 807 F.3d at 1003. Thus, the Ninth Circuit determined there is an apparent conflict between a claimant's limitation to one and two step tasks and a job requiring reasoning exceeding Level 1. *Id.*; *see also Lara v. Astrue*, 305 Fed. Appx. 324, 326 (9th Cir. 2008) ("Reasoning Level 1 jobs are elementary, exemplified by such tasks as counting cows coming off a truck, and someone able to perform simple, repetitive tasks is capable of doing work requiring more rigor and sophistication-in other words, Reasoning Level 2 jobs"); *see also Grigsby v. Astrue*, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning").

Following *Rounds*, district courts in this Circuit have found reversible error in other cases closely resembling this one. In *Banales*, for example, the ALJ acknowledged a doctor's functional assessment that the claimant could perform one- or two-step instructions, but then assessed a limitation to "simple repetitive tasks" without expressly discounting the one- or two-step limitation. *Banales*, 2017 WL 651941, at *2. The court found error and remanded the matter to the Commissioner. *Id.* at *3. Similarly, in *Garcia v. Colvin*, 2016 WL 6304626, at *6 (C.D. Cal. Oct.

27, 2016), the court found that although the ALJ's "simple, repetitive tasks RFC limitation" was consistent with a doctor's "simple, routine non-stressful work" opinion, it was "plainly inconsistent with [the doctor's] 'easy 1, 2 step directions' limitation which the ALJ decision never mentions." The court reversed the Commissioner's decision, adding that the "ALJ necessarily rejected the latter limitation without any explanation as required by Social Security regulations." *Garcia*, 2016 WL 6304626 at \*6.

Based on the reasoning in *Rounds* and its progeny, the Court finds that the ALJ's RFC limiting Plaintiff to two-step instructions is inconsistent with the jobs identified by the VE requiring Reasoning Level 2. As also seen in *Rounds*, this error is not harmless. "Because the ALJ did not recognize the apparent conflict between [plaintiff's] RFC and the demands of Level Two reasoning, the VE did not address whether the conflict could be resolved." *Rounds*, 807 F.3d at 1004 (holding ALJ's "failure to reconcile [the] apparent conflict" between limitation to "one- and two-step tasks" and "the demands of Level Two reasoning" was "not harmless"; remanding for ALJ to "determine whether there is a reasonable explanation to justify relying on the VE's testimony"). Because the ALJ did not address the conflict—and the vocational expert did not explain his conclusions that Plaintiff could perform the Level 2 reasoning jobs despite the limitation to two-step instructions—the record cannot support the deviation from the Dictionary of Occupational Titles. *See Rawlings v. Astrue*, 318 Fed. Appx. 593, 595 (2009) ("Only after determining whether the vocational expert has deviated from the Dictionary of Occupational Titles and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.")

As a result, the Court is unable to determine whether substantial evidence supports the ALJ's step five finding with respect to the jobs identified by the VE. Accordingly, here, as in *Rounds*, "[o]n remand, the ALJ must determine whether

there is a reasonable explanation to justify relying on the VE's testimony." *Rounds*, 807 F.3d at 1003.

## V. CONCLUSION

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 874 F.3d 1130, 1132 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Commissioner*, 775 F.3d 1090, 1099 (9th Cir. 2014). But the Court does have discretion to make a direct award of benefits under the "credit-as-true" rule, which asks whether: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Each part of this three-part standard must be satisfied for the Court to remand for an award of benefits and it is only the "unusual case" that meets this standard. *Benecke*, 379 F.3d at 595; s*ee*, *e.g.*, *Treichler*, 775 F.3d at 1105 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony."). Moreover, if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings "even though all conditions of the credit-as-true rule are satisfied." *Garrison*, 759 F.3d at 1021; *see also Leon*, 874 F.3d at 1133 ("an award under [the credit-as-true] rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (as amended) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, further proceedings would be useful to allow the ALJ to follow-up with the VE about Plaintiff's ability to perform other representative occupations. Therefore, remand for further proceedings is required.[4] *See Treichler*, 775 F.3d at 1107; *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: March 5, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached the remaining issue raised by Plaintiff regarding whether the ALJ adequately assessed Plaintiff's credibility, except as to determine that reversal with the directive for the immediate payment of benefits would not be appropriate at this time. However, the ALJ should address Plaintiff's additional contentions of error when evaluating the evidence on remand. [*See* Pltf.'s Br. at 3-13.]